### ESTATE OF MARGARET T. CLARKE.

No. 8977—Dec. 29, 1879.

REVOCATION OF PROBATE. — PETITION FOR. — DEMURRER TO SUCH PETITION.—Where THERE IS ONE PROPER ALLEGATION IN A PETITION FOR REVOCATION, AS THAT THE TESTATRIX WAS NOT OF SOUND AND DISPOSING MIND at the date of execution of the supposed will, a general demurrer will be overruled, such allegation being an averment of a fact.

BUT IN ALLEGING RESTRAINT, UNDUE INFLUENCE, OR FRAUDULENT MISREPRESENTATION, THE FACTS constituting the restraint, undue influence, or fraudulent misrepresentation, must be set forth in the pleading.

THE PERSONS WHO EXERCISED THE IMPROPER RESTRAINT OR INFLUENCE OR MADE THE MISREPRESENTATIONS NEED NOT BE ACTUALLY DESIGNATED in the petition, inasmuch as they may be unknown to petitioner, who may still be aware that the will was a nullity by reason of such circumstances and conduct.

Construing sections, C. C. P., 1312, 1317, 1327, 1329.

*W. H. L. Barnes*, for petitioner.

*Wm. Barber* and *P. G. Galpin*, for executors.

The will of deceased having been theretofore admitted to probate, a petition was filed for its revocation, as follows:

Your petitioner, Daniel Wallace, respectfully shows to this Court:

That said Margaret T. Clarke died intestate in the town of Michelstown, County of Cork, Ireland, on or about the 28th day of December, 1878, and was at the time of her death a resident of the City and County of San Francisco.

That on or about the 28th day of January, 1879, a document was filed in this Court by Messrs. John T. Doyle and John H. Redington, of the said City of San Francisco, with

a petition claiming that said document was the last will and testament of said Margaret T. Clarke, deceased, and asking that the same be admitted to probate as such, and that said John T. Doyle and John H. Redington be appointed executors.

That upon said petition, after proceedings had in this Court, an order was duly made and entered on the 21st day of April, 1879, admitting said supposed will to probate as the last will and testament of said deceased, and appointing the said John T. Doyle and John H. Redington as executors thereof; and thereupon the said John T. Doyle and John H. Redington duly qualified and received letters testamentary from this Court, and are now in the possession of and administering upon the estate of said deceased, as executors.

Your petitioner further shows that he is a brother of said deceased, and is upwards of twenty-one years of age; that he is a legatee under said supposed will in the sum of five thousand dollars; that the deceased left no husband, and no children; that since the death of said deceased, the father of your petitioner, who was also the father of said deceased, has died, and that your petitioner is interested in his estate, as one of the heirs thereof.

That the names of the parties who are named as legatees or devisees, in said supposed will, and who have any interest in said estate, are as follows, viz:

John Wallace, father of deceased, of Rock Mills, County of Cork, Ireland, since deceased;

Mary O'Brien Wallace, of the same place, mother of deceased;

Daniel Wallace, of San Francisco, brother of deceased;

Richard Wallace, County of Cork, Ireland, brother of deceased;

Mary Little, City of Brooklyn, State of New York, sister of deceased;

Kate J. Powell, County of Cork, Ireland, sister of deceased; Joseph Sedgwick, East Portland, Oregon, nephew of deceased; Rev. Father Dempsey, San Mateo; Rev. William Bowman, San Mateo; Ellen Moloney, Menlo Park, Cal.; Mary Lawson, San Francisco; John T. Doyle and John H.

Redington, executors of the alleged will of Margaret T. Clarke, deceased;

John T. Doyle and John H. Redington, trustees of Kate J. Powell, of Michelstown, County of Cork, Ireland;

John T. Doyle and John H. Redington, trustees of Joseph Sedgwick, a minor nephew of deceased;

John T. Doyle and John H. Redington, trustees of Daniel Wallace, of San Francisco;

Joseph S. Alemany, Archbishop of San Francisco.

That all of the above named are of the age of twenty-one years, and upwards, with the exception of Joseph Sedgwick, whose last known place of residence, was East Portland, Oregon.

That all of the above named are residents of the State of California, except:

John Wallace, Mary O'Brien Wallace and Richard Wallace, who reside at Rock Mills, County of Cork, Ireland, and Kate J. Powell, who resides at Michelstown, County of Cork, Ireland; Mary Little, who resides in the City of Brooklyn, County of Kings, State of New York, and the said Joseph Sedgwick, hereinabove mentioned.

That all of the estate left by said deceased, is situated in the City and County of San Francisco, and was appraised at the sum of one hundred and twenty-three thousand, seventy-seven $\frac{88}{100}$ dollars (123,077.$\frac{88}{100}$), as follows viz:

[Stating the same.]

That the following are the grounds on which your petitioner asks that the probate of said alleged will be revoked:

First—That the said supposed will, so probated, as aforesaid, is not the last will and testament of said Margaret T. Clarke, deceased.

Second—That long prior to, and at the time of the signing of said supposed will by her, the said Margaret T. Clarke, deceased, she, the said Margaret T. Clarke, was not of sound and disposing mind, but was *non compos mentis*.

Third—That at the time of the signing of said supposed will, if the same ever was signed by her, the said Margaret

T. Clarke, deceased, she, the said Margaret T. Clarke, signed the same under restraint, undue influence and fraudulent misrepresentations.

Wherefore, your petitioner prays, etc.

Verified.

The executors filed demurrer and answer.

The demurrer is as follows:

John T. Doyle and John H. Redington, executors of the last will and testament of Margaret T. Clarke, deceased, demur to the petition filed herein by Daniel Wallace, and allege as grounds of demurrer:

1. That said petition does not state facts sufficient to constitute any cause of action, or to show that petitioner is entitled to file the same.

2. That said petition is uncertain in this:

That it does not set forth the nature of the restraint under which said will is asserted to have been signed, nor by whom the same was imposed.

3. That it does not set forth the nature of the undue influence alleged to have been exercised over the said Margaret T. Clarke, nor by whom the same was exercised.

4. That it does not set forth the nature or character of the alleged fraudulent representations, under which the said will is alleged to have been signed, nor what the said fraudulent representations actually were, nor in what respect they were fraudulent, nor by whom they were made.

By the COURT: (Nov. 26, 1879.)  The demurrer is overruled as to point No. 1, for the reason that the demurrer is general; not directed to any particular part of the petition. There is at least one proper allegation in the petition, viz: that at the time of signing the supposed will, said Margaret T. Clarke was not of sound and disposing mind.  An allegation of unsound mind is a proper averment of a fact.  Where there is one proper allegation, a general demurrer will be overruled.

As to points Nos. 2, 3 and 4, the demurrer is sustained.

In alleging either restraint, undue influence, or fraudulent representations, the facts which are the basis of the allegation must be stated. Influence in executing a will is one thing, and may be quite proper; *undue* influence is another thing, quite improper. The facts constituting the supposed undue influence must be stated, so that the Court may determine whether the facts being found by the jury, as a matter of the law they constitute undue influence. So, as to restraint, and as to fraudulent representations. Representations may be quite commendable, while fraudulent representations would be reprehensible; whether the representations are fraudulent, or not, is a question of law, for the Court to determine.

Dec. 6, 1879, petitioner filed an amended petition, stating the facts regarding the proceedings for probate, and the heirs and devisees, and legatees, as is the former petition, and then as follows:

That the following are the grounds on which your petitioner asks that the probate of said alleged will be revoked:

First—That the said supposed will, so probated as aforesaid, is not the last will and testament of said Margaret T. Clarke, deceased.

Second—That long prior to, and at the time of the signing of said supposed will, by her, the said Margaret T. Clarke, deceased, she, the said Margaret T. Clarke, was not of sound and disposing mind, but was *non compos mentis.*

Third—That at the time of the signing of said supposed will, if the same ever was signed by her, the said Margaret T. Clarke, deceased, she, the said Margaret T. Clarke, signed the same under restraint, undue influence, and fraudulent misrepresentations.

That the restraint aforesaid, was of a moral nature, exerted by stronger wills over a weaker one, and that said restraint was so exerted by the aforesaid John T. Doyle, John H. Redington, Joseph S. Alemany, Rev. Father Bowman, Rev. Father Dempsey, and divers other persons, unknown to your petitioner.

That the nature of the undue influence aforesaid, was such as to overpower the enfeebled and tottering intellect of the said deceased, to divert her affections from their natural and proper channel, and to prevent her from pursuing the course, in the disposition of her property, which she would have done, had such undue influence not been exercised, and particularly in the case of your petitioner, and that said undue influence was exerted upon her, the said deceased, by the aforesaid John T. Doyle, John H. Redington, J. S. Alemany, Rev. Father Bowman, Rev. Father Dempsey, and by divers other persons, unknown to your petitioner.

That the nature of the fraudulent representations, aforesaid, was such as wrongfully to prejudice said deceased against your petitioner, and to cause her to withdraw from him her usual and habitual affection, and to violate and disregard her promises and agreements, previously made and entered into with your petitioner, and on his behalf; to instil into her mind false notions of her relative obligations to your petitioner, and other members of her family, and to the Roman Catholic Church, and to pervert and to distort her views of duty, and of religious obligation, and to induce her to trust the bulk of her estate, without security, to comparative strangers, instead of following the natural and proper course in its disposition, which she would have done had such fraudulent representations not been made. That said fraudulent representations were made by the said John T. Doyle, John H. Redington, Joseph S. Alemany, Rev. Father Dempsey, Rev. Father Bowman, and by divers other persons, unknown to your petitioner.

Prayer and Verification.

The executors filed demurrer and answer to the amended petition; the demurrer is as follows:

John T. Doyle and John H. Redington, executors of the last will and testament of Margaret T. Clarke, deceased, demur to the amended petition of Daniel Wallace, filed herein, for the following reasons:

1. That said petition does not state facts sufficient to constitute a cause of action, or to justify the relief prayed in said petition.

2. That the same is uncertain in this: that the allegations contained in said petition, in respect to the alleged restraint, under which the said will was signed, are vague, indefinite and uncertain.

That the nature of the undue influence exercised over the said Margaret T. Clarke, is not set forth with sufficient certainty or precision.

That the nature of the fraudulent representations under which the said will was signed, is not set forth with sufficient certainty or precision.

That the persons by whom the said restraint was exerted, are not described with sufficient certainty.

That the persons who exerted the said undue influence, are not described with sufficient certainty.

That the persons who made the said fraudulent representations, are not described with sufficient certainty.

By the COURT:   (Dec. 29, 1879.)   The demurrer is overruled as to point No. 1, for the same reasons given in the ruling on the former demurrer, viz: there is at least one proper allegation in the complaint, to wit: of unsoundness of mind; and a general demurrer will be overruled if there is one proper allegation.   As to point No. 2, the demurrer is sustained, except as to the statement that the persons by whom the restraint, undue influence and fraudulent representations were exercised and made, are not sufficiently described; as to those statements the demurrer is overruled. This petition states the *nature* of the restraint, undue influence and fraudulent representations, but does not state *facts* tending to show either. As to the allegation of persons, it may be very true that the *persons* doing certain acts were unknown to petitioner, and yet a petition be good, if the facts be properly alleged.